Lloyd JOHNSON, Petitioner–Appellant,

v.

Craig A. HANKS, Superintendent, Respondent–Appellee.

No. 02–2716.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Nov. 22, 2002.

---

* Because the district court denied Johnson's petition for habeas corpus during initial screening, Superintendent Hanks was never served with process, and therefore, is not participating in this appeal. After examining Johnson's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, Johnson's motion for oral argument is denied and the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

ORDER

A prison officer administered a urine test to Indiana inmate Lloyd Johnson, and the test results came back positive for marijuana use. The prison's disciplinary board found Johnson guilty of using drugs and revoked 180 days of good-time credit. After exhausting his administrative appeals, Johnson petitioned the district court for a writ of habeas corpus, which the court denied without calling for an answer from the respondent. Johnson argues that the officer did not maintain a proper chain of custody for the test and that prison officials violated various prison regulations. Because there was "some evidence" to support Johnson's conviction and he was not denied due process, we affirm.

Sergeant F. Littlejohn administered the urine test to Johnson. Although the chain-of-custody form bears Johnson's signature certifying that the specimen container was sealed in his presence, Johnson alleges that Littlejohn instructed him to sign the form before he provided the sample and that Littlejohn did not seal the container in his presence. Additionally, Johnson alleges that Littlejohn offered to make the test results favorable if he helped "set up" another prison officer. A private laboratory tested the sample and found that it contained cannabinoids, the active agent in marijuana. Although the lab report notes that the "specimen was received by the laboratory with a valid chain of custody intact," no one from the laboratory signed the chain of custody form.

Relying on a conduct report, staff statements, and the test results, the prison disciplinary board found Wood guilty. Its initial report noted, however, that "[t]he board does not believe that the chain of custody was intact." A prison official revised this report eleven days later, by crossing out "not," to reflect that the board *did* believe that the chain of custody was intact. Wood unsuccessfully appealed the decision to the prison superintendent and the final reviewing authority of the Indiana Department of Corrections. Having exhausted his administrative remedies, Wood brought this action under 28 U.S.C. § 2254.

Indiana prisoners have a liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits. *Webb v. Anderson,* 224 F.3d 649, 651–52 (7th Cir.2000). Due process entails: (1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The "some evidence" standard is lenient, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. *Id.* at 455–56.

▮ Johnson argues that there was insufficient evidence to convict him because

the test's chain of custody was not intact– he did not witness Littlejohn seal his sample. He points to Littlejohn's frustration that he would not help "set up" another officer and a missing sample from another inmate as possible ways in which his sample could have been altered. Johnson did not offer any evidence that his sample had actually been altered, however. Speculation is not enough–we must have "some affirmative indication that a mistake may have been made" before we can conclude that test results fail to qualify as "some evidence" supporting the board's decision. *Webb*, 224 F.3d at 653. *Cf. Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir.1996) (where inmate's prisoner number was initially listed incorrectly on the toxicology report and another inmate had the same name, the test results lacked sufficient indicia of reliability to support the board's decision). Thus, the test results constitute "some evidence" to support Johnson's conviction. Additionally, because the board noted that it also relied upon the conduct report and staff statements in reaching its decision, they may also constitute "some evidence" supporting his conviction, but we did not have the opportunity to review them because Johnson did not produce them in the district court.

■ Johnson also argues that prison officials violated prison regulations by not maintaining the proper chain of custody for the test and by revising the board's findings eleven days after his hearing. Unless they violate due process, however, breaches of prison policy are strictly matters of state law and cannot be the basis of habeas corpus relief under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Piggie v. Hanks*, 98 F.Supp.2d 1003, 1008 (N.D.Ind.2000). In this situation, due process required a written statement of the

evidence that the board relied upon and the reasons for its decision and "some evidence" to support that decision. *Hill*, 472 U.S. at 455. The board provided Johnson with a written hearing report explaining that it found him guilty because it concluded that the conduct report, staff statements, and test results were "true and accurate." We cannot be sure that the board's initial notation was just a mistake, but even if the board *did not* initially believe that the chain of custody was completely intact, there was still–as explained above–"some evidence" to support its decision. Therefore, the board did not deny Johnson due process.

AFFIRMED.